HENRY COOMBS ET AL., APPELLEES, V. ALEXANDER. MACDONALD ET AL., APPELLANTS.

FILED FEBRUARY 5, 1895. No. 7357.

1. **Review:** QUESTIONS NOT PRESENTED BELOW. It is a rule of universal application in appellate proceedings that the examination of the reviewing court, whether on appeal or writ of error, will be confined to questions determined by the trial court.

2. ———: ———. Where by a bill in equity relief is sought on two separate and distinct grounds, and it is affirmatively shown by the record that the decree for the plaintiff rests upon one ground only, and that the court expressly reserved its decision on the other, the examination of this court on appeal will be confined to the issue determined by the district court.

3. **Contracts:** MONOPOLIES. The doctrine of the common law that. monopolies are odious and therefore illegal has reference to such franchises and agreements as tend to restrict trade, and has no application to mere police regulations in the interest of the public health or morality.

4. **Constitutional Law:** POLICE REGULATIONS: MUNICIPAL CORPORATIONS. The choice of sanitary measures is a legislative function, which has been entrusted to the various municipal bodies and which the courts will not assume to control.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J.

*Saunders, Macfarland & Dickey,* for appellants.

*Robert W. Patrick* and *Brent K. Yates, contra.*

Post, J.

This is an appeal from a decree of the district court for Douglas county and involves the contract for the removal of the garbage of the city of Omaha, which was the subject of the controversy in *Smiley v. MacDonald*, 42 Neb., 5. By the decree appealed from, said contract, as well as the ordinance upon which it depends, was adjudged void, and the defendant MacDonald, as contractor, perpetually enjoined from interfering with the plaintiff, also engaged in the business of removing garbage from said city. The grounds upon which said contract is assailed in the petition of plaintiffs are: First, that it was procured through bribery and other unlawful and corrupt means by MacDonald and others interested with him; second, that, in so far as it purports to confer upon the contractor the exclusive right to remove the garbage of the city, it contravenes the settled rules of public policy, and is, therefore, void. The district court sustained the latter contention only, and in the language of the decree, "Expressly reserving any decision upon the allegations of the petition that the said contract was secured by fraud, procurement, and illegal inducements offered to and accepted by members of the city council."

It is a rule of universal application to appellate proceedings that the examination by the reviewing court, whether on appeal or by writ of error, will be confined to issues determined by the court of primary jurisdiction. A party desiring the judgment of this court upon a question raised by the pleadings should first present the subject for the determination of the district court and secure such a final judgment or decree as may be made the foundation for proceedings by error or appeal. (Civil Code, sec. 581.) Had the plaintiffs so requested, we have no doubt the de-

Coombs v. MacDonald.

cree of the district court would have been made to respond to all of the issues presented. If they are on the evidence in the record entitled to relief on the ground of fraud, the finding upon that issue would have been in their favor; but however that may be, the original jurisdiction of the court is clearly defined by law, and does not include actions for relief on the ground of fraud, to which the state is not a party. (See sec. 2, art. 6, of the Constitution.)

2. Aside from the allegation of fraud, the pleadings herein present no question which was not considered in *Smiley v. MacDonald.* It is true that in the case named the contract was assailed on the ground that the right conferred thereby was an exclusive franchise and, therefore, within the inhibition contained in section 15, article 3, of the constitution; while in the case before us, as we have seen, the contention is that said contract is void as against public policy. Counsel for defendants have cited numerous cases which assert the common law doctrine that monopolies are odious and, therefore, illegal; but they refer without exception to franchises and agreements in restraint of trade, and can have no application to mere police regulations designed to promote the health or morality of the general public. Almost every phase of the subject was discussed in the celebrated *Slaughter House Cases,* 83 U. S., 36, and 111 U. S., 764, to which an extended reference is made in the brief of defendants, and the doctrine therein announced fully sustains our conclusion in *Smiley v. MacDonald.* Indeed there was in those cases no diversity of opinion among the judges with respect to the authority of a state in the exercise of its police power to confer upon an individual or corporation a privilege in its nature exclusive. On the other hand, the dissent of the non-concurring judges was placed upon the ground that the claim of a sanitary regulation was a mere pretense, under which the state of Louisiana had attempted to invade private rights, and to deny its citizens the privilege of engaging in a lawful business in

nowise affecting the public health or morals.    As intimated in *Smiley v. MacDonald,* the choice between sanitary measures is a function of the legislative department of the government, which the courts will not assume to control.    The test, as therein remarked, where a particular measure is called in question, is whether it has some relation to the public welfare, and whether such is in fact the end sought to be attained.

There are other questions discussed by counsel for plaintiffs which would be entitled to our serious consideration, but a reference to the record has satisfied us that they are not presented by the pleadings, and will not for that reason be noticed.    The decree of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.