FLETCHER OIL CO. *v.* CITY OF BAY CITY.

1. MUNICIPAL CORPORATIONS—CITY'S POWERS UNDER HOME RULE LAW—LICENSES—GASOLINE FILLING STATIONS.

   City of Bay City, incorporated under home rule charter law (1 Comp. Laws 1915, § 3304 *et seq.*), may lay and collect taxes and excises, regulate trade and enforce local police regulations not in conflict with general laws, and may regulate, restrict, and limit number and location of oil and gasoline filling stations (Act No. 358, Pub. Acts 1925).

2. LICENSES—POLICE POWER—INTENT—TAXATION.

   License is issued under police power of authority which grants it, but if fee required for license is intended for revenue, its exaction is exercise of power of taxation.

On constitutionality and construction of gasoline inspection and taxing statute, see annotation in 47 A. L. R. 980.

3. SAME—LICENSE FEE MUST BE REASONABLE.

Imposition of license fees as condition to issuing license, when plainly intended as police regulations, will be upheld if revenue derived therefrom is not disproportionate to cost of issuing license and regulation of business licensed.

4. SAME—FEE PRESUMED REASONABLE UNLESS CONTRARY APPEARS.

What is reasonable license fee must depend upon sound discretion of legislative body imposing it, having reference to circumstances and necessities of case, and fee imposed will be presumed to be reasonable unless contrary appears on face of ordinance, by-law, or law itself, or is established by proper evidence.

5. SAME—TAXATION—CONSIDERATIONS IN DETERMINING REASONABLENESS OF FEE.

In determining whether license fee is excessive, expense or amount of regulatory provisions and nature of subject of regulation should be considered, and if amount is wholly out of proportion to expense involved, it will be declared a tax; incidental revenue not unreasonably disproportionate not being objectionable.

6. SAME—FEE NOT CONVERTED INTO TAX BY DISPOSITION ALONE.

License fee sufficient only to pay reasonable expense of supervision and regulation of business licensed is not converted into tax by its disposition alone.

7. SAME—GASOLINE FILLING STATIONS—BAY CITY CHARTER.

Ordinance of city of Bay City providing for licensing and regulating gasoline filling stations, and fixing license fee of $10 a year for each standard used at drive-in stations, and $15 for each standard used at curb stations, is valid; burden being imposed on city by reason of operation of such stations in inspection, supervision, fire prevention, police regulation of congested traffic, etc., and fee charged not being excessive.

Appeal from Bay; Sample (George W.), J., presiding. Submitted June 4, 1929. (Docket No. 30, Calendar No. 34,362). Decided July 8, 1929.

Bill by the Fletcher Oil Company, a Michigan corporation, against the city of Bay City to enjoin the enforcement of a city ordinance licensing gaso-

line filling stations. From a decree dismissing the
bill, plaintiff appeals. Affirmed.

*Collins & Thompson,* for plaintiff.

*A. H. McMillan,* for defendant.

Potter, J. Plaintiff filed a bill to restrain defendant from enforcing or attempting to enforce against
it an ordinance to regulate the location and maintenance of gasoline filling stations and to grant
licenses therefor. Defendant moved to ·dismiss the
bill of complaint because it did not state a cause of
action, the ordinance was valid, the license fee provided therein not a tax, the ordinance within the
power of the city, and a valid regulatory ordinance.
The trial court dismissed the bill of complaint, and
plaintiff appeals.

The ordinance involved herein provides for licensing gasoline filling stations, when in the judgment
of the city commission, by reason of traffic conditions or fire or explosion hazard, a filling station
would not imperil public safety, and to refuse to
license it when it would do so. Such gasoline filling
stations are made subject to inspection by the chief
of the fire department at all reasonable times, and
it is made a part of his duties to inspect such stations at least once a year. It provides that the
commission may require such inspection and approval by the chief of the fire department as to
fire and explosion hazard before granting any
license, that no such gasoline filling station shall be
constructed or maintained except in pursuance of
a license, and fixes a license fee of $10 a year for
each filling standard used at each drive-in filling
station, and $15 for each single filling standard used
at each curb filling station.

The city of Bay City is incorporated under Act No. 279, Pub. Acts 1909, 1 Comp. Laws 1915, §§ 3304–3341. Its charter is not before us. We assume the city has the power and authority which it is authorized by statute to exercise. It may lay and collect taxes and excises. It may regulate trade, and enforce local police regulations not in conflict with general laws. 1 Comp. Laws 1915, § 3307. It may regulate, restrict, and limit the number and location of oil and gasoline stations. Act No. 358, Pub. Acts 1925.

The constitutional provision (article 10, § 3) requiring a uniform rule of taxation excepts property paying specific taxes. *Walcott* v. *People,* 17 Mich. 68. In *Kitson* v. *Ann Arbor,* 26 Mich. 325, license fees were imposed by the municipality upon the operation of saloons. It was contended the ordinance must rest upon the foundation that it exacted no more than might be reasonably required for the expense of its enforcement. It is said:

"The principles already settled in regard to the lawful means of raising revenue, seem to me decisive. * * * There is no limitation preventing the demand of such license fees as may be deemed reasonable. There is nothing in the charter confining the levying of such charges to the expense of the papers, or to the sum required to enforce the licensing ordinances. Unless the revenue is to be raised entirely by *ad valorem* taxes on property, I can see no legal objection to such exactions by way of license charges as the city may see fit to demand, so long as they are not so grossly unreasonable and oppressive as to render the ordinances void on that ground."

In *Youngblood* v. *Sexton,* 32 Mich. 406 (20 Am. Rep. 654), it was held that local specific taxes may be authorized. The express language of the home

rule charter law (1 Comp. Laws 1915, § 3304 *et seq.*) permits the collection of taxes and excises. The city has ample authority to pass a by-law or ordinance enforcing specific taxes upon the particular kind of property here involved.

Plaintiff contends it pays its usual and ordinary property taxes upon its property, and that the ordinance attempts to fix an additional specific tax and is hence invalid. It has been held that a license fee charged for keeping a meat market is not a tax (*Ash* v. *People,* 11 Mich. 347 [83 Am. Dec. 740]); that a license for operating a ferry is not a tax (*Chilvers* v. *People,* 11 Mich. 43); and that a dog tax is a license fee and not a tax (*Van Horn* v. *People,* 46 Mich. 183 [41 Am. Rep. 159]; *Hendrie* v. *Kalthoff,* 48 Mich. 306).

"A license is issued under the police power of the authority which grants it. If the fee required for the license is intended for revenue, its exaction is an exercise of the power of taxation." *Vernor* v. *Sec'y of State,* 179 Mich. 157 (Ann. Cas. 1915 D, 128).

The imposition of license fees as a condition to issuing a license, when plainly intended as police regulations, will be upheld if the revenue derived therefrom is not disproportionate to the cost of issuing the license and the regulation of the business licensed. Anything in excess of an amount which will defray such necessary expenses cannot be imposed under the police power alone, because it then becomes a revenue measure. What is a reasonable license fee must depend upon the sound discretion of the legislative body imposing it, having reference to the circumstances and necessities of the case. It will be presumed the amount of the fee is

reasonable unless it contrarily appears upon the face of the ordinance, by-law, or law itself, or is established by proper evidence. In determining whether a fee required for a license is excessive or not, the expense or amount of regulatory provisions and the nature of the subject of regulation should be considered, and if the amount is wholly out of proportion to the expense involved, it will be declared a tax. If revenue is incidentally derived which is not so disproportionate as to make the fee charged unreasonable, there can be no objection. The disposition of the fee will not alone determine whether it is a license or a tax. If upon investigation the fee is found to be only sufficient to pay the expense that may reasonably be presumed to arise in the supervision and regulation of the business licensed, its disposition should not have the effect of converting it into a tax. *Vernor* v. *Sec'y of State, supra.*

A burden is imposed upon defendant by reason of the operation of gas stations in inspection, supervision, fire prevention, police regulation of congested traffic, and otherwise. This court should not substitute its judgment as to the precise amount of the license fee for that of the legislative body of the city which passed the ordinance with knowledge of the facts. We think the ordinance valid. The decree of the trial court will be affirmed, with costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.