The defendant was convicted of the crime of engaging in the liquor traffic as a second offense and appeals from the judgment of conviction. The sole question presented for determination is whether chapter 268, Laws 1923 (Supp. §§ 10145b1, et seq.), insofar as it makes it a crime for a person to possess intoxicating liquor, is violative of the constitutional rights of the defendant. *Page 477 
The statute in question provides:
"Sec. 1. The following liquors are hereby declared to be intoxicating and their intoxicating quality shall, by the Courts, be presumed, viz: alcohol, brandy, whiskey, rum, gin, beer, ale, porter and wine in addition thereto any spiritous, vinous, malt or fermented liquor, liquids and compounds, whether medicated, proprietary, patented or not, and by whatever name called, containing one-half of 1 per centum or more of alcohol by volume which are fit for use for beverage purposes; . . ."
"Sec. 1B. Any person who shall, within this state, manufacture, sell, barter, transport, import, export, deliver, furnish or possess, any intoxicating liquor, shall be guilty of the crime of engaging in the liquor traffic."
"Sec. 2. No person within this state shall manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor, except as provided in this Chapter. . . ."
"Sec. 2H. It shall not be unlawful to possess liquor acquired prior to February 1, 1920 in one's private dwelling while the same is occupied and used by him as his dwelling only, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed and used."
The information in this case charged that the defendant committed the crime of engaging in the liquor traffic in the following manner, to-wit: "That at said time and place the said Gunder Ligaarden did wilfully, unlawfully and feloniously possess and have in his possession a large quantity of intoxicating liquor commonly known as whiskey, wine and beer; which said intoxicating liquors contained more than one-half of one per centum of alcohol by volume, and was then and there fit for use as a beverage." There was a further averment that the defendant previously had been convicted of engaging in the liquor traffic in the district court of Divide county. Defendant assailed the information in the court below on the sole ground that the statute of this state defining the crime of engaging in the liquor traffic is unconstitutional insofar as it purports to make the mere possession of intoxicating liquor a public offense; that neither § 217 of article 20 of the Constitution of North Dakota or the 18th Amendment to the Constitution of *Page 478 
the United States, authorize the legislative assembly to make the mere possession of intoxicating liquor a public offense.
It is elementary that all legislative enactments are presumed to have been enacted within the limits of the constitutional powers of the lawmakers; that every statute must be held to be constitutional unless it is clearly violative of some constitutional provision, and any person who claims that some right, guaranteed to him by the constitution, is contravened by a statute, must be able to point to the specific constitutional provision or provisions that are contravened. State ex rel. Linde v. Taylor, 33 N.D. 76, L.R.A. 1918B, 156, 156 N.W. 561, Ann. Cas. 1918A, 583; State ex rel. Kaufman v. Davis, ante, 191, 229 N.W. 108. There is no claim by the appellant that the statute in question contravenes any provision of either the state or the Federal constitution except the two relating to the prohibition of the liquor traffic. In short, the only claim of the appellant is that the legislative enactment in question here, insofar as it makes it a public offense to possess intoxicating liquors, is violative of § 217 of the Constitution of the State of North Dakota and of the 18th Amendment to the Constitution of the United States of America.
Section 217 of the Constitution of North Dakota reads as follows:
"No person, association or corporation shall within this state, manufacture for sale or gift, any intoxicating liquors, and no persons, association or corporation shall import any of the same for sale or gift, or keep or sell or offer the same for sale, or gift, barter or trade as a beverage. The legislative assembly shall by law prescribe regulations for the enforcement of the provisions of this article and shall thereby provide suitable penalties for the violation thereof."
The 18th Amendment to the Constitution of the United States provides:
"Sec. 1. After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.
Sec. 2. The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation.
Sec. 3. This article shall be inoperative unless it shall have been *Page 479 
ratified as an amendment to the Constitution by the Legislatures of the several states, as provided in the Constitution, within seven years from the date of the submission hereof to the States by Congress."
It seems to be the contention of the appellant that inasmuch as neither of these constitutional provisions in terms prohibits the possession of intoxicating liquors, the legislative assembly of this state was and is without power to prohibit such possession.
We find it wholly unnecessary to determine whether the eighteenth amendment to the Constitution of the United States of America authorizes the lawmakers of the state or nation to prohibit the possession of intoxicating liquors, for the 18th amendment did not abrogate or repeal § 217 of the Constitution of the State of North Dakota or any then existing valid legislation of this state, nor did it inhibit the legislature of this state from enacting laws dealing with the liquor question, — except insofar as the same might conflict with the 18th amendment. United States v. Lanza, 260 U.S. 377, 67 L. ed. 315, 43 S. Ct. 141; 33 C.J. 503, 504. The 18th amendment does not inhibit the legislators of the various states from legislating more rigorously or from forbidding or providing penalties for acts not prohibited by Congress. 33 C.J. 505; State v. Severin, 58 N.D. 792, 228 N.W. 199; Van Oster v. Kansas, 272 U.S. 465, 71 L. ed. 357, 47 A.L.R. 1044, 47 S. Ct. 133.
In State v. Severin, 58 N.D. 792, 228 N.W. 201, supra, it was contended by the defendant that inasmuch as the national prohibitory law, commonly known as the Volstead Act, did not make mere possession of liquor a crime, the state statute (for reasons there urged) should be construed so as to bring it in harmony with the Federal law. In considering and disposing of the contentions thus advanced this court said:
"The appellant does not point out any portion of our state law which conflicts with the federal statute. Our law supplements it. Possibly it is more drastic. The right of the state to pass a law controlling the liquor traffic is not dependent upon the 18th Amendment of the Constitution of the United States nor any laws that Congress may make to carry such amendment into execution. Neither is the state required to keep within the limits deemed wise by Congress."
In United States v. Lanza, 260 U.S. 377, 67 L. ed. 315, 43 S. Ct. 141, supra, the Supreme Court of the United States was required to *Page 480 
consider what effect the 18th amendment had upon the power of the several states to enact legislation prohibiting the liquor traffic. The Court, speaking through Chief Justice Taft, said:
"The Amendment was adopted for the purpose of establishing prohibition as a national policy, reaching every part of the United States, and affecting transactions which are essentially local or intrastate, as well as those pertaining to interstate or foreign commerce. The 2d section means that power to take legislative measures to make the policy effective shall exist in Congress in respect of the territorial limits of the United States, and at the same time the like power of the several states within their territorial limits shall not cease to exist. Each state, as also Congress, may exercise an independent judgment in selecting and shaping measures to enforce prohibition. Such as are adopted by Congress become laws of the United States, and such as are adopted by a state become laws of that state. They may vary in many particulars, including the penalties prescribed, but this is an inseparable incident of the independent legislative action in distinct jurisdictions.
To regard the Amendment as the source of the power of the state to adopt and enforce prohibition measures is to take a partial and erroneous view of the matter. Save for some restrictions arising out of the Federal Constitution, chiefly the commerce clause, each state possessed that power in full measure prior to the Amendment, and the probable purpose of declaring a concurrent power to be in the states was to negative any possible inference that, in vesting the national government with the power of country-wide prohibition, state power would be excluded. In effect the 2d section of the 18th Amendment put an end to restrictions upon the state's power arising out of the Federal Constitution, and left her free to enact prohibition laws applying to all transactions within her limits. To be sure, the 1st section of the Amendment took from the states all power to authorize acts falling within its prohibition, but it did not cut down or displace prior state laws not inconsistent with it. Such laws derive their force, as do all new ones consistent with it, not from this Amendment, but from power originally belonging to the states, preserved to them by the 10th Amendment, and now relieved from the restriction heretofore arising out of the Federal Constitution. This is the ratio decidendi of our decision *Page 481 
in Vigliotti v. Pennsylvania, 258 U.S. 403, 66 L. ed. 686, 42 S. Ct. 330.
We have here two sovereignties, deriving power from different sources, capable of dealing with the same subject-matter within the same territory. Each may, without interference by the other, enact laws to secure prohibition, with the limitation that no legislation can give validity to acts prohibited by the Amendment. Each government, in determining what shall be an offense against its peace and dignity, is exercising its own sovereignty, not that of the other."
Section 217 of the state constitution was not intended to be a grant of legislative power, it was a command that the legislative power should be exercised to prohibit the liquor traffic. The provision was not self-executing. It required legislative action to carry the constitutional mandate into effect. State ex rel. Ohlquist v. Swan, 1 N.D. 5, 44 N.W. 492. If § 217 had never been adopted the legislative assembly would still have had unquestioned power to prohibit the importation, manufacture, transportation, sale or possession of intoxicating liquors. Crane v. Campbell, 245 U.S. 304, 62 L. ed. 304, 38 S. Ct. 98; Purity Extract Tonic Co. v. Lynch, 226 U.S. 192, 57 L. ed. 184, 33 S. Ct. 44. See also State ex rel. Germain v. Ross, 39 N.D. 630, 170 N.W. 121.
In State ex rel. Germain v. Ross, supra, this court had occasion to consider the purpose and effect of § 217 of the state constitution. In that case it was claimed, as it is here, that section 217 of the constitution is a limitation upon legislative power. In disposing of that contention this court used the following language which is equally pertinent here:
"This section is a declaration of constitutional policy. The purpose and spirit of the provision is manifest. The section is not intended to confer any power on the legislature, but constitutes a command on the part of the people to the legislature to enact certain legislation to carry into effect the policy declared in the section. Clearly the statute under consideration does not violate any express inhibition contained in the section. The relator, however, asserts that § 217 merely prohibits the manufacture, sale, or gift of intoxicants, and contains no prohibition or restriction on the right to purchase or acquire the same. And it is contended that the express mention of the acts to be prohibited must be *Page 482 
deemed to evince an intent to exclude all acts not enumerated, and to restrict legislative action to those specifically enumerated. It is well to remember that the principle invoked by the relator is merely a rule of construction. And that the great fundamental purpose of, and rule in, construing all constitutional provisions, is to ascertain and give effect to the intent of the framers and of the people who adopted it. Keeping in mind the object sought to be accomplished, and the evils, if any, sought to be remedied or prevented, by its adoption, the court should aim to give effect to the purpose indicated by a fair interpretation of the language used. 12 C.J. 700-702.
The Constitution recognized the liquor traffic as an existing evil, and that public morality and welfare required that it be prohibited within the state. It ought not to be assumed that those who framed and adopted this provision intended to place any restriction upon the powers of the legislature to enact laws for the purpose of carrying into effect the very policy solemnly proclaimed in the provision. On the contrary, we must assume, in absence of clear evidence to the contrary, that they intended that the legislature should have the power to enact suitable laws to prevent the evil sought to be prevented and carry into effect the constitutional policy declared."
In Purity Extract Tonic Co. v. Lynch, 226 U.S. 192, 57 L. ed. 184, 33 S. Ct. 44, supra, the supreme court of the United States was called upon to determine the validity of a statute of the state of Mississippi which made it unlawful to sell malt liquors within that state, whether intoxicating or not. The statute was upheld in an opinion by the then Justice (now Chief Justice) Hughes. In the opinion in that case the court said:
"That the state, in the exercise of its police power, may prohibit the selling of intoxicating liquors, is undoubted. . . . It is also well established that, when a state exerting its recognized authority undertakes to suppress what it is free to regard as a public evil, it may adopt such measures having reasonable relation to that end as it may deem necessary in order to make its action effective. It does not follow that because a transaction, separately considered, is innocuous, it may not be included in a prohibition the scope of which is regarded as essential in the legislative judgment to accomplish a purpose within the admitted power of the government. . . . With the wisdom of the exercise *Page 483 
of that judgment the court has no concern; and unless it clearly appears that the enactment has no substantial relation to a proper purpose, it cannot be said that the limit of legislative power has been transcended. To hold otherwise would be to substitute judicial opinion of expediency for the will of the Legislature — a notion foreign to our constitutional system."
In Crane v. Campbell, 245 U.S. 307, 62 L. ed. 309, 38 S. Ct. 98, supra, the Supreme Court of the United States had under consideration a statute of the state of Idaho, making it unlawful for a person to possess intoxicating liquors. It was claimed that the right to possess such liquors was one which the state could not abridge without violating the guarantees of the 14th Amendment. In disposing of such contention the Court said:
"As the State has the power above indicated to prohibit, it may adopt such measures as are reasonably appropriate or needful to render exercise of that power effective . . . [Citation of Authorities]. And, considering the notorious difficulties always attendant upon efforts to suppress traffic in liquors, we are unable to say that the challenged inhibition of their possession was arbitrary and unreasonable or without proper relation to the legitimate legislative purpose."
We are wholly agreed that the statute of this state making it an offense for a person to have in his possession intoxicating liquors (except in the manner and for the purposes stated therein) does not operate to deny to the defendant any rights guaranteed to him either by § 217 of the Constitution of this state or the 18th Amendment of the Constitution of the United States.
Judgment affirmed.
BURKE, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur. *Page 484