L. R. BAIRD, as Receiver of the First State Bank, Columbus, North Dakota, Respondent, v. H. O. RASK, A. M. Olstad, H. P. Altner, Gustav Flugge, Anton Wilson, Stella Krageland, Ludvig Tweten, and Gust Bjorkman.

H. P. ALTNER, Gustav Flugge, and Anton Wilson, Appellants.

(234 N. W. 651.)

Opinion filed January 21, 1931.   Rehearing denied February 18, 1931.

Appeal from the District Court of Burke County, *Lowe, J.*

*Olaf Braatelien,* for appellants.

B. L. *Wilson*, for respondent.

BIRDZELL, J. This is an action by the plaintiff, as receiver of the First State Bank of Columbus, North Dakota, against various defendants as stockholders for the purpose of recovering upon an assessment of the statutory liability. Certain of the defendants answered alleging that the act under which the plaintiff was appointed receiver and which purports to authorize certain proceedings by him is unconstitutional; also, denying that it ever became necessary to resort to the stockholders' liability under § 5168 of the Comp. Laws of 1913 and that no power has been conferred upon the plaintiff to institute proceedings for the purpose of recovery on account of such liability; also, that there has

been no proper and lawful determination of the assets and liabilities of the bank or of its insolvency and no lawful administration whatsoever of the affairs of the bank. Insolvency of the bank is also denied. A trial was had before the district court without a jury, at the conclusion of which judgment was entered against the defendants. Three of the defendants appeal from the judgment and raise in this court the questions submitted to the district court with reference to the constitutionality of the statute under which the receiver was appointed and acted.

There are eleven specifications of error, eight of which pertain to the constitutionality of chapter 99 of the Session Laws of 1927 and the remainder to the sufficiency of the evidence to support the findings and judgment. The first specification is that the act is so interdependent that the features which may not be unconstitutional cannot be separated from those which are unconstitutional so that no workable law can remain. Therefore, this specification need be considered only in case portions of the act are found to be unconstitutional.

Specification No. 2 is that the act is unconstitutional in that it purports to confer original jurisdiction upon the supreme court which is not given it under the State Constitution. It is a sufficient answer to this specification to say that the legislative request, contained in § 1 of chapter 99; Session Laws of 1927, for this court to exercise its original jurisdiction in insolvency proceedings to liquidate and wind up the affairs of insolvent banks, has not been exercised and that the act, in Section 18, specifically provides for an alternative procedure to be resorted to in case this court should not exercise original jurisdiction. Since it is the alternative procedure that has been had, the appellants are in no position to complain on account of the alleged attempt to extend the original jurisdiction. Clearly, a holding, if such were proper or required in the disposition of the present appeal, that the original jurisdiction features of the law were unconstitutional would not render the remainder of the act unconstitutional in view of the fact that the alternative procedure was provided for and of the further declaration in Section 24 that the unconstitutionality of any section or provision should not affect the validity of the act as a whole, or any part thereof other than the part held to be unconstitutional.

Specification No. 3 is that the act is unconstitutional in that the

procedure for declaring insolvency and winding up the affairs of insolvent banks provides for no notice and affords no protection to stockholders, who are parties in interest, and that it violates a fundamental rule of judicial procedure that no person may be bound by a decision affecting his right without having had his day in court. The law requires the proceedings to be instituted by the attorney general in the name of the state, for itself and on behalf of all the creditors, as plaintiff and against the insolvent banks as defendants. (§ 3.) Summons is provided for as in actions in the district·court in which the bank is required to be named as defendant, service to be made upon any officer of the bank and in the same manner as a service of summons in ordinary civil actions.

The contention that the stockholders must be made parties to the insolvency proceedings is well answered by the United States supreme court in the case of Bernheimer v. Converse, 206 U. S. 516, 51 L. ed. 1163, 27 S. Ct. 755. This was an action by the receiver of a Minnesota corporation to enforce stockholders' liability. The same contention that is here made was answered at page 532 of 206 U. S. as follows:

"It is true that the stockholder is not necessarily served with process in the action wherein the assessment is made under the act of 1899, but no personal judgment is rendered against him in that proceeding, and it has reference to a corporation of which he is a member by virtue of his holding stock therein, and the proceeding has for its purpose the liquidation of the affairs of the corporation, the collection and application of its assets and of other liabilities which may be administered for the benefit of creditors. In such case it has been frequently held that the representation which a stockholder has by virtue of his membership in the corporation is all that he is entitled to. It was so held in a well-considered case in Massachusetts, Howarth v. Lombard, 175 Mass. 570, 49 L.R.A. 301, 56 N. E. 888. And it has been held in cases in this court that when an assessment is necessary to be made upon unpaid stock subscriptions for the benefit of creditors, the court may make the assessment without the presence or personal service of stockholders. Hawkins v. Glenn, 131 U. S. 319, 33 L. ed. 184, 9 S. Ct. 739; Great Western Teleg. Co. v. Purdy, 162 U. S. 329, 336, 40 L. ed. 986, 990, 16 S. Ct. 810."

See also 1 Freeman, Judgm. 5th ed. § 435. The author states: "A corporation represents its stockholders within certain limits, as where the necessity for an amount of assessment is judicially determined in insolvency proceedings against the corporation to which the stockholder is not otherwise a party." It will, of course, be borne in mind that the instant case is a separate suit against the defendants as stockholders and that they are served with process and permitted to defend.

Specification No. 4 is that the act is unconstitutional in failing to provide in all things a course of legal proceedings in conformity with due process of law for the enjoyment, protection, and enforcement of private rights. This is sufficiently answered in what is said above in regard to specification No. 3.

Specification No. 5 is addressed to that part of the act which provides for the appointment by the supreme court of a court commissioner who shall act for and on behalf of the supreme court. Such appointment has not been made, and therefore the appellants are not affected by it. What is said with respect to the provision for the exercise of original jurisdiction is also applicable here. This likewise is a sufficient answer to specification 6 which deals with the same provision as an attempted delegation of judicial power to a court commissioner to be appointed in a manner not authorized by the State Constitution. This is not to be construed as an implied holding that the constitutional points in specifications 5 and 6 are well taken or that this court has declined to appoint a commissioner as authorized by the act for the reason that it could not constitutionally do so.

Specification No. 7 is that the act violates §§ 69 and 70 of Article 2 of the State Constitution. Section 69 forbids the passage of local or special laws concerning thirty-five subjects which are enumerated in separate paragraphs. Counsel for the appellants do not point out under which subject the act in question falls. So, under the well settled principle that it is incumbent upon one attacking the constitutionality of a law to point out the specific provision of the Constitution which is violated, nothing more need be said as to the contention that it violates § 69. Section 70 provides that where a general law can be made applicable no special law shall be enacted. It seems to be the contention of counsel that the law in question is special in that it provides for insolvency proceedings against banks rather than cor-

porations and individuals in general and that it provides for service of process upon the banks as above indicated rather than upon stockholders who may be affected by the proceedings. As we view the law in question, it is a general law dealing with insolvency proceedings against a type of corporation that is peculiarly subject to special regulation (see State ex rel. Goodsill v. Woodmansee, 1 N. D. 246, 11 L.R.A. 420, 46 N. W. 970), and the procedure therein provided meets the test of constitutional due process of law as pointed out in the above discussion pertaining to specification 3. Legislation dealing alone with the insolvency of state banks is, in our opinion, no more to be regarded as a special law than legislation which would deal with their organization or regulation in other respects. The law is clearly a general law. See State v. First State Bank, 52 N. D. 231, 250, 202 N. W. 391, 399. But even if it be thought to be a special law it does not fall within the prohibition of the Constitution, for this provision does not entirely forbid special laws or prevent reasonable classification and rational treatment of a given subject according to the characteristics of a given class. Banks or financial corporations may reasonably call for different treatment in administration upon insolvency from mercantile or other corporations.

The evident purpose of a provision like § 70 in the Constitution is to secure as far as possible uniform treatment of all who are similarly situated in any legislation affecting the class. There is an implied authorization of special legislation, since it will be seen that the instances where special laws may not be enacted at all are enumerated in Section 69, and that, in other cases, the language of § 70 is, a special law shall not be enacted where a general law can be made applicable. If it be assumed, therefore, that the law in question is a special law, it may still be valid provided a general law could not be made applicable. Whether a general law can be made applicable, in turn, depends upon the reasonableness of the classification reflected in the so-called special law. Even the prohibitions against class legislation do not forbid reasonable classification by the legislature. Much less it would seem is legislation to be stricken down under Section 70 of our Constitution, which impliedly recognizes, within limitations, the validity of special laws. Concerning constitu-

tional provisions designed to forbid class legislation as a whole, Corpus Juris (12 C. J. 1128) says:

"However, class legislation is not expressly named in the prohibitions of the state and federal constitutions; and neither the fourteenth amendment nor the provisions of the state constitutions prohibiting the granting of special privileges affect the validity of state statutes making reasonable classifications of persons or things for the various purposes of legislation. If there is reasonable ground for the classification and the law operates equally on all within the same class it is valid. And this is true even though the act confers different rights or imposes different burdens on the several classes. It is not necessary for the statute to show on its face the reason for the classification adopted. In determining whether or not a basis of classification is reasonable, it must be looked at from the standpoint of the legislature enacting it, the question of classification being primarily for the legislature. A statute will be sustained where the basis for classification made by it could have seemed reasonable to the legislature, even though such basis seems to the courts to be unreasonable. Legislative discretion in this matter is not subject to review by the courts, except to the extent of determining whether the classification adopted is arbitrary, unreasonable, and unjust."

Since the Constitution does not lay down any test as to what shall be considered a special law within the meaning of § 70, and since observation of the mandate therein expressed could scarcely require more strict observance than the provision of § 20 of the Constitution forbidding class legislation as a whole, we are of the opinion that the appellants have not demonstrated the act in question, even considered as a special law, to be in violation of § 70. Considering it as a special law, it treats a subject concerning which a general law could not be made applicable, namely, the separate administration of the affairs of insolvent state banks. We are not concerned with the wisdom of the legislation. If it reflects a reasonable classification and is not otherwise prohibited, it is valid.

It may also be observed in this connection that the general rule is that it is primarily a legislative function to determine when a given subject matter is capable of treatment by a general law, rather than a special law, within constitutional provisions like § 70, and it is

only in plain cases that the courts declare statutes void as violating this provision. This doctrine is stated in Cyc. as follows (36 Cyc. ·991):

"It is the general doctrine that the legislature is the sole judge whether a provision by a general law is possible under a provision in the constitution to the effect that no special law shall be enacted, in all cases where a general law can be made applicable; nevertheless in very plain cases the courts have declared statutes void as violating this provision."

Clearly, in passing the law in question, viewed as a special law, this court cannot say that the legislature violated the constitutional mandate, for to do so would be to deny to the legislature the right and the power to make a reasonable classification of corporations for the purpose of administering their affairs upon insolvency.

Specification No. 8 is in fact not a specification but a blanket charge that chapter 99 of the Session Laws of 1927 violates fundamental law throughout. Such a charge obviously does not conform to the requirement that a challenge of constitutional validity of legislation must point out the provision or provisions of the Constitution that are violated. We are of the opinion that the act in question is not open to any constitutional objections urged by counsel. In sustaining the act as against the objections urged, we would also call attention to the ·fact that a former act of the legislature, chapter 137 of the Laws of 1923, which was similar to the act in question but which had expired ·by its limitations, was sustained by this court in Baird v. Lefor, 52 N. D. 155, 38 A.L.R. 807, 201 N. W. 997; State v. First State Bank, 52 N. D. 231, 202 N. W. 391.

At the trial the contention was made that the defendants were entitled to a jury trial, but this question is not presented to this court by any specification of error. The remaining specifications 9, 10 and 11 are to the effect that the plaintiff failed to introduce any competent evidence of the facts alleged in the complaint, that he failed to prove a prima facie case, and that the court erred in ordering judgment. Construing these specifications most favorably to the appellant, they amount only to a challenge as to the sufficiency of the evidence.

The district manager for the receiver, who was in charge of the

records of the bank, testified, over the objection only that the plaintiff had no capacity or right to maintain the action, that there was a deficiency in the assets to meet liabilities to the extent of $40,806.25, and that the capital stock of the bank was $15,000. In view of this testimony, there is no merit in the contention that the bank was not shown to be insolvent or that the assessment of the full one hundred per cent liability was excessive.

The judgment appealed from is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BURKE, JJ., concur.