**TAYLOE**

v.

**CITY OF WAHPETON et al.**

No. 7393.

Supreme Court of North Dakota.

Dec. 31, 1953.

Forbes & Forbes, Wahpeton, and Norton M. Hatlie, Wahpeton, for plaintiff and appellant.

Clifford Schneller, Wahpeton, for defendant and respondent, City of Wahpeton.

GRIMSON, Judge.

The plaintiff brings suit to enjoin the City of Wahpeton from enforcing an ordinance which purports to regulate and control the collection, disposition and hauling of garbage and rubbish within the city and the charges therefor. He obtained a temporary restraining order and an order to show cause why that order should not be continued during the pendency of the action. Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. After argument on the demurrer and on the order to show cause the court sustained the demurrer and dissolved the restraining order. Plaintiff appeals from the order sustaining the demurrer.

In his complaint the plaintiff alleges that he is a taxpayer engaged in the business of collecting and disposing of garbage in the City of Wahpeton and owns $5,000 worth of equipment for that purpose. He objects to the ordinance on the grounds that it is "invalid, void, illegal and unconstitutional" for the following reasons:

(1) That the ordinance provides for the awarding of an exclusive license to collect, dispose of and haul garbage and rubbish in the city to the person that would agree to pay the largest amount for such license and enforces his services upon the people. He claims this amounts to the granting of a special privilege contrary to law.

(2) That the ordinance delegates to the department of sanitation the right to fix and set the charges and fees that should be charged by said highest bidder for the collection, disposal and hauling of such garbage and rubbish without authority of law.

(3) That the ordinance deprives the plaintiff of his property rights and liberty to carry on his garbage collection business without due process of law and without any compensation, contrary to the Constitution of the State and the United States.

(4) That the ordinance is uncertain, unreasonable and arbitrary in its terms and provisions.

(5) That the city council in the enactment and adoption of said ordinance was guilty of fraud, deceit and collusion in that prior to the preparation of said ordinance the city council agreed upon the fixed and established charges that should be made for the work of garbage disposal and that license should be given and awarded to the defendant, S. F. Mittag and Son.

(6) That the ordinance prevents and prohibits the collection, disposal and hauling of articles of property which are not in and of themselves noxious or dangerous to public health, safety, morals or general welfare of the inhabitants and residents of the City of Wahpeton, and therefore "unauthorized, illegal and void."

■ Municipal ordinances intending to protect the public health, safety and welfare are founded upon the police power inherent in the State and granted by the State to the municipality.

"The police power is an attribute of sovereignty itself, under which life, liberty, and property are made safe. It is necessary for the preservation of the state and the welfare of society. It is a legislative function without limitation, except that it must not conflict with the state or federal Constitution, and unless the statute is clearly repugnant to some constitutional guaranty, the courts cannot interfere. The police power is one of the most essential powers of the government, and one of the least limitable, and the imperative necessity for its existence pre-

cludes any limitation upon it when not arbitrarily used. All rights are subject to the police power." City of Bismarck v. Hughes, 53 N.D. 838, 208 N.W. 711, 713.

■■ The plaintiff does not deny that the City of Wahpeton had the authority under the police power granted it by the State to pass an ordinance regulating garbage collection and disposal for the promotion of health and suppression of disease. He, however, contends that the ordinance exceeds the authority so given to the city. The burden is on him to show wherein the ordinance exceeds that authority. State v. Armour & Co., 27 N.D. 177, 145 N.W. 1033, L.R.A.1916E, 380; State v. Ligaarden, 59 N.D. 475, 230 N.W. 729, 70 A.L.R. 126; Baird v. Rask, 60 N.D. 432, 234 N.W. 651.

There is a presumption that the ordinance as passed is valid.

"A legal presumption exists in favor of validity, and unless the contrary appears upon the face of the ordinance, the burden is upon the party attacking it as invalid to show by clear and unequivocal evidence that the regulation imposed by it is so arbitrary, unreasonable, or confiscatory as to amount to depriving such party of property without due process of law. [Citing cases.]" City of Scottsbluff v. Winters Creek Canal Co., 155 Neb. 723, 53 N.W.2d 543, 548.

■ In passing upon the validity of such ordinances the courts will not declare them invalid unless such ordinances are clearly arbitrary, unreasonable and without relation to public health, safety, morals or public welfare. Soderfelt v. City of Drayton, N.D., 59 N.W.2d 502 and cases cited.

Subsection 1, Sec. 40–0501, NDRC 1943, grants the governing body of a municipality the power to adopt such ordinances not repugnant to the constitution and laws of the State, as may be proper and necessary to carry into effect the powers granted to such a municipality or as the general welfare of the municipality may require. Subsection 45 of that section gives the municipality the specific authority "To make regulations necessary or expedient for the promotion of health or for the suppression of disease."

■ Plaintiff claims, first, that the provision of the ordinance which provides for the granting of an exclusive license for the purpose of collection and disposal of garbage is beyond the authority granted by the statute. He contends that the ordinance thus creates a monopoly in restraint of trade contrary to the constitution. The collection and disposition of garbage is not a private enterprise. It is a municipal duty, which the city under the police power granted to it, must carry on by itself or by its agents. The constitutional provision against the granting of special or exclusive privileges does not apply. It is held in Smiley v. MacDonald, 42 Neb. 5, 60 N.W. 355, 27 L.R.A. 540, that such a constitutional provision does not prohibit cities from making an exclusive contract for the removal of garbage and other noxious and unwholesome matter. In the City of Grand Rapids v. De Vries, 123 Mich. 570, 82 N.W. 269, 273, the court passed on a similar ordinance for garbage collection and removal. In reference to the question of awarding the work to one exclusive individual or concern the court said:

"The gathering of garbage is not a trade, business, or occupation in any proper sense, and such employment does not come under the doctrine in reference to monopolies, or in reference to legislation in restraint of trade. It is a matter in which the public agencies are authorized to pursue the best means to protect the public health."

In 9 McQuillin, Municipal Corporations, 3d Ed., p. 305, it is said regarding the issuance of license for the removal of garbage:

"Licenses or permits of this character may be limited in number or made exclusive in order to promote efficiency in the removal of these waste products and in order to make police regulation

more concentrated and effective. No unlawful restraint of trade ensues as a consequence of thus limiting persons engaged in this activity, since it is primarily governmental in nature and object, although private enterprise is utilized in performing it."

In 2 Dillon on Municipal Corporations, 5th Ed., Sec. 678, it is said:

"It is therefore within the power of the city not only to impose reasonable restrictions and regulations upon the manner of removing garbage but also, if it sees fit, to assume the exclusive control of the subject, and to provide that garbage and refuse matter shall only be removed by the officers of the city, or by a contractor hired by the city, or by some single individual to whom an exclusive license is granted for the purpose. An exclusive right so created is not open to the objection that is is a monopoly.

"Under a statute giving it power to make regulations to secure the general health, to prevent and remove nuisances, and to compel and regulate the removal of 'garbage' and filth beyond the corporate limits, a city may grant an exclusive right to the highest bidder to remove all garbage; * * *." O'Neal v. Harrison, 96 Kan. 339, 150 P. 551, L.R.A.1915F, 1069.

In Dreyfus v. Boone, 88 Ark. 353, 114 S.W. 718, the court holds that where the regulation adopted by the city is a valid exercise of police power and the business necessarily incident to its enforcement may safely be entrusted to one person, the ordinance providing for the regulation is not invalid on the ground that it creates a monopoly. See, also, Ex parte Sozzi, 54 Cal.App.2d 304, 129 P.2d 40; 7 McQuillin, 3d Ed., Sec. 24.242, pp. 77–78.

█ The statute makes it the duty of the city council to make any necessary regulations for the promotion of health. The legislature has given authority to the cities to regulate the matter of collection and disposition of garbage and has left to the city the use of discretion in the matter of means employed to carry that out. It becomes the duty of the city council to determine the method that is best suitable and most effective to carry out that purpose. Clearly placing one responsible man or concern at the head of the collection and disposal of garbage with proper equipment in the city or in a district would bring better results than any attempt at dividing that work among several.

"Manifestly obedience to the rules laid down for the handling of garbage may be more easily compelled—the method adopted may be made more efficient—if it is all handled by one concern." O'Neal v. Harrison, 96 Kan. 339, 150 P. 551, 552, L.R.A. 1915F, 1069.

█ Similarly, the city council has the right to fix the charges and fees for the removal and disposal of garbage which is the plaintiff's second objection to the ordinance. That is a part of the means provided in the ordinance for carrying out its general purpose. The complaint does not state what the fees fixed by the ordinance are nor make any objection that they are unreasonable.

"Within the general principle that a municipality, in the exercise of the police power granted to it by the state, may, by reasonable ordinance, regulate the collection and disposal of substances within the municipality which are nuisances per se, or which may become nuisances, it is unquestioned that a municipality may adopt necessary and reasonable regulations for the collection, removal, and disposal of garbage accumulating within its limits." 37 Am. Jur., Municipal Corporations, Sec. 298, p. 944.

From the fact that the ordinance provides for letting the license to the highest bidder plaintiff argues that the purpose of the ordinance is to raise revenue rather than collection and disposal of garbage, and therefore, the statute is a tax measure and not passed according to law. There is no

statement of facts in the complaint to sustain that theory. It is clear that the purpose of the ordinance was to provide for the collection and disposition of garbage. With regard to the letting of the license for carrying on that work Sec. 8 of the ordinance provides that the exclusive license shall be awarded after advertising for two successive weeks for bids. It provides that in the bid, the bidder specify the kind of equipment to be used and the amount he is willing to pay the city for such exclusive license together with an agreement that the bidder shall maintain the dump grounds. Then it provides:

"That said license, after the hearing on said bids, shall be awarded to the highest and best bidder; and in awarding of such bid, the kind and type of equipment, the integrity of the bidder and the amount of the bid shall be considered before a final awarding of such license."

Thus, it appears that only one of the elements the city council shall consider relates to the amount of the bid. The other two are the kind and type of equipment and the integrity of the bidder. Both those elements refer back to the purpose of the ordinance to effect an efficient and reliable method of carrying on the work.

The ordinance further provides the sanitary commission shall fix the fees that the householder pays to the garbage collector for that service within the minimum and maximum of said fees fixed by the ordinance. The cost to the city is for the inspection and policing of the job and is not based in any way upon the fees paid by the householder. There is no allegation in the complaint as to the amount of that cost. There is no provision in the ordinance as to what the fee for the license should be. Neither is there any statement in the complaint as to what the bid of the accepted bidder in this case was. The presumption is that it was reasonable. In the case of Goer v. Taylor, 51 N.D. 792, 200 N.W. 898, 899, the Court was considering the annual license required of an attorney for the right to practice in the courts of this state. The Court said:

"Such charge may be imposed either for the purpose of producing revenue, in which case, as a tax, it is subject to the requirements of section 175 of the Constitution * * * or as a purely regulatory exaction. If imposed for the latter purpose it is subject only to the requirements that the regulatory provisions be reasonable and that the charge or fee be not to any considerable extent greater in amount than is reasonably necessary to carry out the regulatory provisions. [Cases cited.] And since expenditures on account of regulatory provisions in a legislative act must be made subsequent to the enactment, the requirements can only be estimated or approximated, and more or less latitude will be allowed in determining whether such regulatory charge or license fee is reasonable. And the presumption is that it is reasonable. [Citing cases.]"

Nor does the fact that a license ordinance incidentally raises revenue affect its validity. "We cannot regard the mere fact that the city derives some revenue from the measure as taking it out of the category of police regulations." O'Neal v. Harrison, supra. See, also, 9 McQuillin, Municipal Corporations, Sec. 26.30, p. 60; City of Fort Worth v. Gulf Refining Co., 125 Tex. 512, 83 S.W.2d 610; Fletcher Oil Co. v. Bay City, 247 Mich. 572, 226 N.W. 248.

The test whether or not a particular measure is a welfare measure "is whether it has some relation to the public welfare, and whether such is in fact the end sought to be attained." Coombs v. MacDonald, 43 Neb. 632, 62 N.W. 41, 42. See, also, Smiley v. MacDonald, 42 Neb. 5, 60 N.W. 355, 27 L.R.A. 540; Union Pac. R. Co. v. State, 88 Neb. 247, 129 N.W. 290, 291.

Clearly the ordinance is a welfare measure for the protection of the public

health and not a measure for raising revenue.

In his third and sixth objections the plaintiff claims that the ordinance is invalid on the grounds that it interferes with property rights without due process of law contrary to the State and Federal Constitutions. His first contention on that ground is that his right and liberty to carry on a garbage collection is taken away. That, however, is not a private or competitive business. It is merely the privilege of doing some work that is essentially municipal work and under control of the municipality by virtue of the police power granted to it by the legislature. That is not depriving him of any property.

His next contention on that ground as we understand it, is that the ordinance prevents the collection and disposal and hauling by the owners or anyone except the licensed garbage collectors of articles of private property which are not in and of themselves "noxious or dangerous to public health, safety, morals or the general welfare" of the inhabitants of the City of Wahpeton. This argument refers to the collection of such things as old clothing, paper, paper containers, old rubber boxes, bills, crates, tree limbs and other similar accumulations. Sec. 3 of the ordinance reads: "Garbage, as the term is used in this ordinance, shall include all accumulations of household waste matter including dry kitchen refuse" and the ordinance goes on to enumerate many articles including those heretofore mentioned.

It is true, the ordinance places collection of such refuse exclusively in the hands of the licensed garbage collector if it is "waste" matter, or in other words abandoned by the owners. It is common knowledge that such matter might become a fire hazard. Subsection 35 of Sec. 40–0501, NDRC 1943, deals with fire hazards and grants the city power to pass an ordinance "to prevent a deposit or keeping of ashes or refuse in unsafe places." This portion of the ordinance comes clearly within that power.

"Garbage matter and refuse are regarded by the decisions as inherently of such a nature as to be either actual or potential nuisances. By reason of the inherent nature of the substance, it is therefore not a valid objection to an ordinance requiring disposal in a specified manner that garbage has some value for purposes of disposal, and that the effect of the ordinance is to deprive the owner or householder of such value. That the owner suffers some loss by destruction or removal without compensation is justified by the fact that the loss is occasioned through the exercise of the police power of the state, and the loss sustained by the individual is presumed to be compensated in the common benefit secured to the public." 2 Dillon on Municipal Corporations, 5th Ed., Sec. 678.

See, also, 7 McQuillin, Municipal Corporations, Sec. 24.247, p. 85; 37 Am.Jur., Municipal Corporations, Sec. 298, p. 944. This contention of the plaintiff is without merit.

Under his fourth objection plaintiff alleges that the ordinance is "too vague, sweeping, indefinite, uncertain, unreasonable, and is arbitrary in its terms and provisions." This statement is a pure conclusion. No particulars are pointed out wherein the ordinance is deficient in this respect. On a demurrer only well pleaded facts are admitted. The ordinance does not appear unreasonable nor are any of the other particular attributes enumerated in that objection evident on the face of the ordinance.

Plaintiff's final objection to the ordinance charges the city council with fraud and collusion in its enactment in that the defendants prior to the preparation of the ordinance had agreed upon and fixed charges which should be paid for the work of collecting and disposing of garbage and rubbish in the city and had further agreed that the job was to be given to the defendant Mittag & Son.

It would only be natural for the councilmen to talk over and agree on the rates to be charged before they enacted an ordinance fixing such rates. They could rightly confer with those in the business and others as to costs, necessary equipment, etc. If there was an agreement that the scavenger job should go to the defendant Mittag & Son, such arrangement could in no event affect the validity of the ordinance.

■ If the statute or an ordinance has been enacted in a manner provided by law and for a purpose permissible under the Constitution, neither the motives which impel its enactment nor any alleged outside arrangements of the councilmen can be made the object of judicial inquiry for the purpose of invalidating or preventing the operation of the law or ordinance. Courts should not go outside of the record in searching for reasons for annulling a statute. McCoy v. Davis, 38 N.D. 328, 164 N.W. 951.

In Cornelius v. City of Seattle, 123 Wash. 550, 213 P. 17, the court held that the motives of members of a council in voting for an ordinance may not be inquired into for the purpose of determining the validity of the ordinance; but, if any state of facts would sustain it as a proper exercise of the police power, such state of facts will be presumed to have existed.

The fact that determined the necessity of the ordinance was the need of regulating the collection and disposal of garbage. Enacting an ordinance for that purpose was a proper exercise of the police power and makes the enactment thereof valid no matter what the motives of the commission were. See, also, People v. Gardner, 143 Mich. 104, 106 N.W. 541.

■ As for the constitutional objections to the ordinance attempted to be raised by the plaintiff, there is an additional reason why the demurrer should be sustained. It has long been the rule in this state that anyone who attempts to question the constitutionality of a statute or an ordinance must point out the specific provisions of the constitution that he claims have been violated.

In State ex rel. Linde v. Taylor, 33 N.D. 76, 156 N.W. 561, 564, L.R.A.1918B, 156, Ann.Cas.1918A, 583, this court holds:

"And he who alleges a statute to be unconstitutional must be able to point to the particular constitutional provision violated."

In Baird v. Rask, 60 N.D. 432, 234 N.W. 651, 653, this court says:

"Specification No. 7 is that the act violates sections 69 and 70 of article 2 of the State Constitution. Section 69 forbids the passage of local or special laws concerning thirty-five subjects which are enumerated in separate paragraphs. Counsel for the appellants do not point out under which subject the act in question falls. So, under the well settled principle that it is incumbent upon one attacking the constitutionality of a law to point out the specific provision of the Constitution which is violated, nothing more need be said as to the contention that it violates section 69."

See, also, State v. Ligaarden, 59 N.D. 475, 230 N.W. 729, 70 A.L.R. 126; State ex rel. Sathre v. Board of University and School Lands, 65 N.D. 687, 262 N.W. 60; State v. Schmidt, 72 N.D. 719, 10 N.W.2d 868; State ex rel. Rausch v. Amerada Petroleum Corp., 78 N.D. 247, 49 N.W.2d 14, 20; 5 McQuillin, Municipal Corporations, 3d Ed., Section 19.05, pages 478–480; 16 C.J.S., Constitutional Law, § 96, pages 220–222.

■ Nowhere in the complaint are the specific sections of the constitution which are alleged to be violated pointed out. Under the principle adopted in the foregoing cases, the complaint does not state a cause of action as to the unconstitutionality of the ordinance in question.

We are all agreed that the ordinance of the City of Wahpeton here involved is valid as against all the objections of the plain-

tiff. The demurrer of the defendants was properly sustained. The order of the district court sustaining the demurrer is affirmed.

BURKE, SATHRE, and CHRISTIANSON, JJ., concur.

MORRIS, C. J., concurs in the result.