# Staunton

WESTBROOK, INCORPORATED V. TOWN OF FALLS CHURCH.

September 11, 1946.

Record No. 3068.

Present, All the Justices.

The opinion states the case.

*James H. Simmonds,* for the plaintiff in error.

*John A. K. Donovan* and *John G. Turnbull,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

The Town of Falls Church, a municipal corporation, filed its notice of motion for judgment against Westbrook, Incorporated, to recover the balance of $499.75, alleged to have been due under the terms of an oral agreement made between the parties. The town alleged that it had installed a sewer on certain streets abutting property owned by Westbrook, at the latter's instance and request; that, under the terms of the agreement, Westbrook was to reimburse the town for the cost of the installation, which amounted to $1,299.75; that the defendant had paid $800 on account of the installation, but had failed and refused to pay the balance of $499.75.

In addition to a plea of the general issue, the defendant filed a special plea of recoupment and setoff in which it asserted three counterclaims. These may be summarized thus:

(1) That there was no consideration for the alleged promise of Westbrook to pay for the installation of the sewer; that the sewer line was the property of the town, which had assumed full ownership thereof and was exacting

a service charge of those property owners who were served thereby; that none of the other abutting property owners had paid any part of such construction cost, and that the town had no right to compel Westbrook to pay any part thereof. Consequently, Westbrook alleged, the town should be compelled to refund to it the sum of $800 which it had paid to the town pursuant to the terms of the oral agreement.

(2) That the defendant, Westbrook, had installed, at a cost of $1100, certain other sewer lines along certain streets which had been dedicated to and accepted by the town, and on which Westbrook's property abutted; that at the time of the installation it was the duty of the town to have made such installation at its own cost and expense; that the town had assumed full charge and control of the sewer lines, was exacting a service charge of the abutting property owners for the use thereof, and that hence the town should be required to reimburse the defendant for the cost of such installation.

(3) That the town had "improperly and unlawfully required" the defendant, Westbrook, to pay to it the sum of $1066.74 for the cost of installing a water main and fire hydrant on a certain street abutting property owned by the defendant; that at that time the street had been dedicated and accepted by the town; that it was the duty of the town to have installed such improvements at its own cost and expense and without any cost to the abutting property owners; that the town had assumed full charge and control of the water main and hydrant, and was exacting a service charge of the abutting owners for the use thereof; and that, therefore, the town should be required to refund to the defendant, Westbrook, the cost of the installation which the town had illegally exacted of it.

Although the plea does not so allege, it is admitted in the briefs that the town installed the water main and fire hydrant, mentioned in Item No. 3, under an agreement similar to that entered into between it and the defendant with respect to the construction of the sewer line mentioned in Item No. 1.

Upon motion of the town, and over the objection of the defendant, Westbrook, the lower court struck out the three items in the special plea of recoupment and setoff. By agreement of both parties the case was heard by the trial court without the intervention of a jury and resulted in a judgment in favor of the town against Westbrook for the amount sued for in the notice of motion for judgment.

There is no contention as to the sufficiency of the evidence to sustain this judgment. The sole assignment of error is that the lower court erred in striking out the three items claimed under the special plea.

The first contention of Westbrook is that the action of the town in compelling it to bear the cost of installing the two sewers, described in Items Nos. 1 and 2, was in violation of section 170 of the Constitution of Virginia.

The material portion of that section reads thus: "No city or town or county having the right, under this section, to impose taxes or assessments for local improvements upon abutting property owners shall impose any tax or assessment upon abutting landowners for street or other public improvements, except for making and improving the walkways upon then existing streets, and improving and paving then existing alleys, and for either the construction, or for the use of sewers; and the same when imposed, shall not be in excess of the peculiar benefits resulting therefrom to such abutting landowners."

The argument is that under this section, as interpreted by us in *Southern Ry. Co.* v. *Richmond,* 175 Va. 308, 315, 8 S. E. (2d) 271, 274, 127 A. L. R. 1368, a municipality "must elect to charge abutting landowners either for the construction of sewers or for the use of sewers"; that it cannot charge for both; and that here, under the allegations of the plea, the town having elected to levy a tax on abutting landowners "for the use of sewers" cannot compel the abutting landowners to pay any part of the cost of construction.

Moreover, it is argued, requiring a single property owner (Westbrook) to bear the total cost of the construction of

these improvements is violative of the mandate embodied in this section of the Constitution that "taxes or assessments for local improvements upon abutting property owners" "shall not be in excess of the peculiar benefits resulting therefrom to such abutting landowners."

■ The trouble with this whole argument is that it erroneously assumes that the town, in requiring Westbrook to bear the cost of constructing these sewers, under the circumstances related, was levying or imposing "taxes or assessments" for these "local improvements", within the meaning of section 170 of the Constitution. No tax or assessment for taxes is here involved.

■ A tax is an enforced contribution imposed by the government for governmental purposes or public needs. It is not founded upon contract or agreement.

As is said in 51 Am. Jur., Taxation, section 5, pp. 38, 39, "A tax is a forced charge, imposition, or contribution; it operates in invitum, and is in no way dependent upon the will or contractual assent, express or implied, of the person taxed." See also, *Welch* v. *Henry*, 305 U. S. 134, 146, 59 S. Ct. 121, 125, 83 L. Ed. 87, 118 A. L. R. 1142; *Danville Traction, etc., Co.* v. *Danville*, 168 Va. 430, 436, 191 S. E. 592, 594.

In the case before us the cost of installing neither sewer was an obligation imposed upon Westbrook against its will.

The cost of the installation mentioned in Item No. 1 of the special plea was an obligation which Westbrook voluntarily assumed by its contract. Westbrook admits that it requested the town to make the installation and that it solemnly contracted to reimburse the town therefor.

With respect to the sewer installation mentioned in Item No. 2 of the special plea, the allegations show that Westbrook voluntarily undertook this construction, at its own cost and expense, and not because of any compulsion on the part of the town.

And so, too, the fact that the town required Westbrook to live up to its contract obligation and to reimburse it for the installation of the water main and fire hydrant, claimed

in Item No. 3 of the special plea, involves no imposition by the town of a discriminatory and invalid tax, or any tax at all, for that matter.

The argument that there was no consideration for the promise of Westbrook to reimburse the town for the improvements made at Westbrook's request is unsound. It is a matter of common knowledge that improvements of this character enhance the value and marketability of the property of abutting owners. When the town complied with Westbrook's request and made the desired improvements, Westbrook was thereby enabled to enjoy immediately the benefits derived from such enhancement in value of its property, instead of being compelled to wait until the improvements could have been made at the town's convenience.

The fact that the town has assumed full ownership and control of these installations, and is levying a service charge on the abutting property owners for the use thereof, is no reason why the town should release Westbrook from its contract obligation to bear the cost of this construction if and when presently made.

Nor is such assumption of ownership and control any reason why the town should reimburse Westbrook for the cost of the sewer installation, claimed in Item No. 2, which Westbrook voluntarily made at its own cost and expense. Whether improvements of this character should have been made at the town's expense was a matter within the discretion of the legislative branch of the town government. It was for the town, acting through its council, and not for the abutting property owner, to say whether or when the town should undertake such improvements.

If the argument of Westbrook with respect to this item be sound, then any abutting property owner could effect such improvements at his pleasure and compel the municipality to reimburse him for the cost thereof. It is too plain for argument that public improvements cannot be effected in any such manner.

On the whole we are of opinion that the trial court

correctly held that Westbrook was not entitled to recover the three items detailed in the special plea of setoff. Hence the judgment complained of is

*Affirmed.*