[Civ. No. 20201.   First Dist., Div. Three.   Aug. 21, 1962.]

JAMES HOUSEHOLDER, Plaintiff and Respondent, v. STATE DEPARTMENT OF FINANCE et al., Defendants and Appellants.

Stanley Mosk, Attorney General, and G. A. Strader, Deputy Attorney General, for Defendants and Appellants.

*Assigned by Chairman of Judicial Council.

Hill & Hill and Clayton O. Rost for Plaintiff and Respondent.

DRAPER, P. J.—Plaintiff is an instructor at Humboldt State College. He brought this action to enjoin imposition of a fee for parking of his own automobile, and those of other staff members, on the grounds of the college. Injunction was granted and defendants appeal from the judgment.

██ The trial court held that there was no statutory authority for charging parking fees to staff members. This issue, however, has since been determined adversely to plaintiff (*Linnell* v. *State Dept. of Finance,* 203 Cal.App.2d 465 [21 Cal.Rptr. 785] and petition for hearing by the Supreme Court has been denied. In that decision, the applicable statutes were construed, and it was determined that the necessary authority existed. It is unnecessary to restate here the reasoning of that decision.

Plaintiff, however, argues that an alternative ground of decision in the instant case requires affirmance, despite the rule of *Linnell.*

Two code sections (Gov. Code, § 13109; Ed. Code, § 24103) are relied on by *Linnell* to establish authorization for the regulation (Cal. Admin. Code, tit. 5, § 953.5) requiring payment of parking fees by staff members. Plaintiff argues that the Education Code section, since it refers specifically to state colleges, controls. He then argues that this section permits letting of "only such property of the State College which will not interfere with the requirements of the state college"; that parking space for staff members is necessary for operation of the college; and that thus the letting of parking privileges is not authorized. We need not discuss plaintiff's contention that the Education Code provision controls, since we are satisfied that even if this premise be assumed, his argument fails.

██ The code in fact authorizes the letting of state college property "for any purpose which will not interfere with the requirements of the state college" (Ed. Code, § 24103). The purpose, rather than the property, is the essence of the limitation. It is entirely clear from the complaint and from the record as a whole that the sole purpose of the regulation is to charge fees to staff members. Contrary to plaintiff's inference, there is no suggestion of any "leasing" of the parking area to persons having no connection with the college. The land available for staff parking space will be used only for that purpose. The fact that $13 per semester is charged for

each staff parking permit does not establish a purpose which would ''interfere with the requirements'' of the college.

It should be noted that this litigation concerns only the period from June of 1960, when the regulation was adopted, to September 15, 1961. On the latter date a new code provision on this subject (Gov. Code, § 13114) became effective.

Judgment reversed.

Salsman, J., and Devine, J., concurred.