[File No. 6756]

. R. N. CAMPBELL, Respondent, v. TOWNER COUNTY, NORTH DAKOTA, a Body Corporate, Appellant.

(3 NW(2d) 822)

Opinion filed December 13, 1941.   Rehearing denied April 11, 1942.

*Kehoe & Kehoe,* for appellant.

618

*Lloyd B. Stevens* and *Traynor & Traynor,* for respondent.

NUESSLE, J. Plaintiff brought this action to recover a bounty claimed for the planting of trees pursuant to the provisions of chapter 252, Session Laws 1937, as amended by chapter 245, Session Laws 1939. In his complaint plaintiff set out the facts on which he relied to bring him within the terms of the statute, that he had claimed and demanded the bounty, that his demand had been refused, and asked judgment for the amount claimed and that it be applied first in payment of his delinquent taxes, and that any excess remaining over be paid to him. The defendant county, answering, put plaintiff upon his proofs as to the facts and challenged the constitutionality of the statute in question. The case was tried to the court without a jury. Judgment was ordered and entered for the plaintiff. Whereupon the defendant perfected the instant appeal.

The facts as found by the trial court are substantially as follows: The defendant is one of the organized counties of the state of North Dakota. The plaintiff owns and occupies a quarter section of land situated within the defendant county. In 1939, plaintiff entered into a co-operative agreement with the United States to have trees planted on his land under the government Shelterbelt Plan. Pursuant to this agreement some five acres of plaintiff's land were planted to forest trees during the spring of 1939. The trees grew and were cultivated, and plaintiff thereafter filed with the auditor of the defendant county a plat of the land on which the trees had been planted, set forth the facts in relation to the growth and cultivation thereof, and demanded the sum of twenty dollars for such planting and cultivation pursuant to the provisions of chapter 252, Session Laws 1937, as amended by chapter 245, Session Laws 1939. The 1938 taxes against plaintiff's land were unpaid and delinquent at the time the application was filed and plaintiff demanded that the money so claimed by him be applied first in payment of such taxes, and that any excess above the amount thereof be paid to him.

We have examined the record. We think it sustains the findings of the trial court. So the questions for consideration now are as to whether, on the facts established, the plaintiff has brought himself within the terms of the statute so as to entitle him to the bounty and, if so,

whether the statute contravenes the provisions or any of them of the Constitution of the state of North Dakota.

The defendant challenges the constitutionality of the statute on various grounds, the first of which is that it violates § 186 of the Constitution of the state of North Dakota, as amended by article 53 of Amendments (see Session Laws 1939, page 497). We hold that the plaintiff has brought himself within the terms of the statute under which he claims, so we must examine this contention. If it be sustained, the judgment must be reversed and it will be unnecessary to consider the other challenges interposed.

. Chapter 245, supra, provides, so far as is material here: "Any person who shall hereafter plant, cultivate and keep in growing thrifty condition one acre and not more than ten acres of prairie land with any kind of forest trees, and shall plant, or have planted said trees, shall be entitled to four dollars ($4.00) for each acre so planted and cultivated and two dollars ($2.00) bounty per acre for each succeeding year up to four, in which such trees are kept cultivated and growing, to be paid out of the general fund of the county wherein such trees are so planted, but such bounty shall not be so paid unless such grove be maintained upon a tract of not less than eighty acres and shall have at least four hundred living trees in each acre so maintained and kept in growing condition, and in no case shall any bounty be paid in excess of the amount of real estate taxes levied for such year upon the quarter section of land of which such parcel of land planted to trees is a part. Provided, further, that in the event there are any unpaid taxes levied and unpaid against the quarter section of land of which such parcel of land planted to trees is a part at the time application is made for said bounty, such bounty, if allowed, shall be credited upon the amount of such taxes so unpaid, and only the amount in excess of such taxes shall be paid to the applicant." Section 186 of the Constitution, as amended by Article 53 of Amendments, provides:

"(1) All public moneys, from whatever source derived, shall be paid over monthly by the public official . . . receiving the same, to the state treasurer, and deposited by him to the credit of the state, and shall be paid out and disbursed only pursuant to appropriation first made by the legislature. . . .

"(2) No bills, claims, accounts, or demands against the state or any

county or other political subdivision shall be audited, allowed, or paid until a full itemized statement in writing shall be filed with the officer or officers whose duty it may be to audit the same, and then only upon warrant drawn upon the treasurer. . . ."

The defendant's contention is that § 186 of the Constitution, supra, requires that public moneys from whatever source derived belonging to the state must be paid to the state treasurer, and can be disbursed only pursuant to legislative appropriation and on warrant drawn by the proper officer; that the statute, chapter 245, supra, violates these requirements. In that behalf defendant urges that the statute in question providing for the satisfaction of delinquent taxes out of any bounties that may be earned attempts to devote to that purpose not only taxes levied for local beneficiaries, but also the state's portion thereof; that it is immaterial that the taxes have not been collected and transmitted to the state; that that portion belonging to the state is to be considered, so far as the provisions of the Constitution with respect to the disbursement thereof are concerned, as if it were in the state treasury.

We think there is substance to the defendant's contention. The statute provides that in cases such as the instant one the bounty shall be credited upon the unpaid taxes, if any, against the land on which the trees are planted and only the amount in excess of such taxes shall be paid to the applicant out of the general fund of the county. Of course the taxes when collected will be distributed to the state and the several local subdivisions participating therein. Though in any particular case the portion going to the state may be small, nevertheless it is public money and must, when collected, be paid over to the state treasurer. Nor do we think the fact that the taxes are uncollected at the time the credit is taken can make any difference with respect to the portion belonging to the state. It is public money. It must be paid to the treasurer. It can be disbursed only pursuant to the requirements of the Constitution. The legislature cannot substitute some other method of collection and disbursement. See, in this connection, Institute for Education v. Henderson, 18 Colo 98, 31 P 714, 18 LRA 398.

Section 186 of the Constitution, supra, prescribes the manner in which public funds shall be paid out and disbursed. We need not here enter upon a discussion of the reasons underlying the provisions of

§ 186. But see Ristine v. State, 20 Ind 328. Pursuant to § 186, there must first be an appropriation by the legislature, and then payment from this appropriation can be made only on warrant drawn upon the treasurer for the amount to be paid. This court has heretofore had occasion to pass upon the question as to what constitutes an appropriation within the meaning of that term as used in the Constitution. See, State ex rel. McDonald v. Holmes, 19 ND 286, 123 NW 884. In that case we said: "From a careful consideration of the authorities on the subject and of the terms of our Constitution, we think an appropriation in the sense that that word is used in our Constitution, is the setting apart from the public revenue of a definite sum of money for the specified object in such a manner that the officials of the government are authorized to use the amount so set apart, and no more, for that object." The authorities amply sustain the rule thus laid down in State ex rel. McDonald v. Holmes, supra. See Crane v. Frohmiller, 45 Ariz 490, 45 P(2d) 955, and authorities cited therein; Institute for Education v. Henderson, 18 Colo 98, 31 P 714, 18 LRA 398 and Ristine v. State, 20 Ind 328, supra.

The statute here under consideration places no limit upon the amount that may be paid for tree bounties pursuant to its provisions. It is true there is a limit to the amount that may be paid on any particular claim, but there is no limit placed upon the number of claims that may be paid except that which is obtained by dividing eighty into the whole number of acres included within the state of North Dakota. And such a limit is not a practicable one. It is, in effect, no limit at all. Accordingly, we must hold that the statute violates § 186 in its attempt thus to provide for the payment of tree planting bounties.

But the statute is subject to a further vice. Pursuant to § 186, moneys canot be paid out of the state treasury even though appropriation be made therefor except upon warrant drawn on the treasurer. If money due the state but not yet collected is subject to the same requirement with respect to its disposition, as money already paid into the treasury, and we have shown that it is, the statute is bad on this account also. See Institute for Education v. Henderson, 18 Colo 98, 31 P 714, 18 LRA 398, supra.

What we have said above disposes of the instant appeal. So it is

unnecessary for us to pass upon the other points made by the defendant. The judgment of the district court is reversed and the case is remanded for disposition in accordance with this opinion.

Burr, Ch. J., and Burke, Morris, and Christianson, JJ., concur.

Nuessle, J. (on rehearing). A reargument was had in this case on petition of the respondent. However, after further consideration we are agreed that the opinion heretofore filed should stand.

On the reargument it was urged, first, that the opinion as written misconstrues the action and the relief demanded, in that it assumes the application for bounty made by the respondent was pursuant to the provisions of chapter 245, Session Laws 1939, which provides, among other things, that where there are back taxes against the land on which the trees in question are planted, the bounty shall be applied in satisfaction of such taxes, whereas respondent's application was, in fact, made pursuant to the provisions of chapter 252, Session Laws 1937, which contains no such provisions; that, in any event, the opinion misconstrues chapter 245.

On re-examination of the record we think there can be no question but that the claim was made, the action brought, and the relief demanded pursuant to the terms of the proviso clause of chapter 245. The amended complaint, after setting forth the facts with respect to the planting of the trees for which the bounty was claimed, alleges: "That the 1938 taxes against said premises were unpaid at the time said application was so filed and made for such bounty. That the defendant has failed, neglected and refused to allow said claim and credit the same upon the amount of such unpaid taxes against said quarter section of land." Plaintiff's prayer for relief is that the above described claim be allowed and that the amount thereof be credited upon the unpaid taxes levied and assessed against said premises and quarter section of land for the year 1938 as of the date of filing such application. Consistent with the foregoing, the trial court found "That the 1938 taxes against said premises were unpaid at the time said application was so filed and demand made for said bounty, but the defendant failed, refused and neglected to allow such claim and credit the same upon the amount of such unpaid taxes." Judgment was entered in accordance with this finding. Thus it is clear that the claim was

predicated and the action brought on the theory that chapter 245 was the applicable statute and the bounty to be paid the plaintiff thereunder should be credited upon unpaid taxes. Demand upon the defendant was made on this theory. The trial was had and judgment ordered and entered pursuant to this theory.

Plaintiff also contends that even though this provision for the crediting of the bounty upon unpaid taxes be unconstitutional and void, nevertheless plaintiff is entitled to recover pursuant to the provisions of chapter 252, Session Laws 1937. But this was not the theory of the action and the trial thereof. The demand made by the plaintiff was that the credit be made upon the unpaid taxes and there is nothing in the record to show that there was a demand for the payment of the bounty to be paid out of the General Fund.

Plaintiff further contends that, in any event, the proviso clause of chapter 245 does not bear the construction placed upon it in the opinion. His contention is that the preceding portion of the statute requires that the bounty be paid out of the General Fund of the county; that therefore when the amount of the bounty is credited upon the unpaid taxes the General Fund is to be charged with the amount thereof and each of the other funds for which the tax thus paid is levied is to be credited with its proportionate share thereof, and thus the state, the school district, the township, and the other recipients of the tax will each receive its proper portion. He cites as sustaining this theory chapter 15, Session Laws 1941, amending chapter 252, Session Laws 1937, as amended by chapter 245, Session Laws 1939. This 1941 statute expressly provides that the payment shall be "credited upon the taxes assessed against the land upon which such trees are planted, and such credit shall be apportioned to the shares due the state and respective taxing districts for general fund levies. . . ." Thus this enactment makes express provision for the doing of that which this court in the opinion holds was intended to be done under the provisions of chapter 245. That is, every fund is to be charged with its proportionate share of the amount thus credited on the taxes. The effect of such a construction, of course, is to devote that portion of the tax thus credited belonging to the state and the various taxing subdivisions to the payment of the bounty contrary to the provisions of section 186 of the

Constitution as amended. So it is clear to us that this legislative direction reinforces rather than detracts from the construction put upon the provisions of chapter 245. The evident purpose of the amendment was to make uniform the application of the charge for tree bounty moneys so that though a payment in cash be made from the General Fund, such payment shall be charged against the several tax beneficiaries that would receive a portion of the tax if it were paid by the tax debtor.

The respondent further argues that no constitutional challenge was interposed by the defendant on the ground that the statute, chapter 245, violates the provisions of § 186 of the Constitution. The record refutes this argument again and again. An examination of the answer to the amended complaint shows the defendant pleaded that chapter 252, as amended by chapter 245, Session Laws 1939, is invalid and in violation of the constitution of the state. We are, of course, unable to say what argument was made before the trial court in support of this contention. But appellant, stating in its brief in this court the issues to be determined on this appeal, set forth as a principal one, the question as to whether the state can dispense with the constitutional requirement that tax money must be paid into the state treasury and disbursed only on legislative appropriation. And in the body of its brief argues the question thus raised, saying, among other things: "May the legislature thus divert the tax moneys of the school district and township? May it thus arrange for the disbursement of the state's tax moneys? May the state do indirectly that which the Constitution prohibits it from doing directly? The Constitution, referring to state moneys, provides that all public moneys shall be paid over monthly to the state treasurer and shall be paid out only pursuant to appropriation first made by the legislature." Appellant then cites Article 53, of Amendments to the Constitution. (See page 497, 1939 Session Laws.) This Article, quoted in the original opinion, is § 186 of the Constitution as amended. Appellant concludes its argument by saying: "The Act violates this express mandate of the Constitution and the judgment involved is repugnant to its provisions." Finally, in summing up, the appellant says "that the state cannot dispense with the constitutional requirement that its tax moneys be paid into the state treasury and that they be disbursed only on legislative appropriation." It is thus clear the appellant di-

rectly challenged the act on the ground that it violates § 186 of the Constitution.

Now let us consider this challenge again for a moment. It is grounded on the contention that though state moneys be not yet collected they are, nevertheless, to be treated as though they were in the treasury and so subject to the provisions of § 186. We think there can be no question as to this. To hold otherwise would make it possible to circumvent the constitutional mandate. The case of Institute for Education v. Henderson, 18 Colo 98, 31 P 714, 18 LRA 398, cited in the principal opinion, is directly in point on the question and we have been unable to find any authority to the contrary. The respondent, however, urges that in so holding we overrule the cases of State ex rel. Haig v. Hauge, 37 ND 583, 164 NW 289, LRA1918A 522; State ex rel. Linde v. Taylor, 33 ND 76, 156 NW 561, LRA1918B 156, Ann Cas 1918A 583 and State ex rel. Olson v. Jorgenson, 29 ND 173, 150 NW 565. There is no difficulty, however, in distinguishing these cases. In the Haig case the question was as to whether the legislature could direct payments to be made from the County Tuition Fund to the Teachers Insurance Fund. The contention was that the County Tuition Fund was levied for another purpose and so the diversion of a portion thereof to the Insurance Fund violated § 175 of the Constitution. The court held that the creation of the Teachers Insurance Fund was germane to the general purposes for which the Tuition Fund taxes were originally authorized, and so such diversion did not violate § 175. In the cases of State ex rel. Linde v. Taylor, and State ex rel. Olson v. Jorgenson, the court held that the moneys of the funds involved were not state moneys at all; that they were created not out of tax moneys but out of payments by possible beneficiaries of the funds and the state was merely the custodian thereof. See, also, in this connection Wilder v. Murphy, 56 ND 436, 218 NW 156.

The respondent also urges that the 1938 taxes on his land have been paid, and therefore the tax credit proviso of chapter 245 can, in no event, have application. It may be these taxes have been paid. However they were not at the time the demand that the bounty be applied in their payment was made on the county authorities. So far as the record shows they were not paid at the time the suit was brought, nor

at the time the judgment was entered in the district court, nor so far as this court was aware, at the time the original opinion was handed down. So there can be no merit to this contention.

We see no reason to recede from the opinion heretofore handed down.

BURKE, MORRIS, and CHRISTIANSON, JJ., concur.

BURR, Ch. J. (dissenting). On reargument I come to the conclusion that the issue discussed does not require construction of § 186 of the Constitution of this state as amended.

As set forth by the original opinion in this case, and by the decision of this court after argument on rehearing, the sole question determined is whether this Law of 1939 violates § 186 of the Constitution as amended, in taking state taxes without an appropriation therefor as made by the legislature.

The legislature, in 1937, enacted chapter 252. Section 1 of this chapter 252 was amended by chapter 245 of the Session Laws of 1939.

The action was commenced on October 17, 1939, and the amended complaint shows demand for bounty "as provided for by chapter 252 of the Laws of North Dakota for the year 1937, as amended by chapter 245 of the Laws of said state for the year 1939."

When plaintiff applied for the bounty, the real estate taxes for 1938, levied on the quarter where the grove was planted, were unpaid, and he demanded that the bounty be credited upon his taxes for the year 1938. The relief demanded is governed, therefore, by chapter 245 of the Session Laws of 1939, and the facts are as stated in the opinion of the majority.

However, I do not agree with the construction given to this chapter. It will be noted that the bounty is to be paid out of the general fund. It does not come out of the state taxes or the school taxes. The proviso requires that if the taxes levied against this quarter section of land are unpaid at the time the application for the bounty is made, the amount of the bounty is to be credited on such taxes, that is, that these taxes must be paid out of the bounty, "and only the amount in excess of such taxes shall be paid to the applicant." Thus, if the grove grower has paid his taxes on this quarter section, he gets his bounty paid to him in cash. If he has not paid these taxes, he still gets his bounty,

but instead of the cash from the general fund being paid into his hand, it is paid to him by paying the unpaid taxes for him, and then paying to him personally the amount of the bounty that is in excess of the taxes. In deducting the amount of the bounty that is to be credited upon the unpaid taxes, the county does not cancel the state taxes or the school taxes. They are paid, and the amount will be remitted as required by law. The county takes the bounty, pays the taxes, gives the applicant credit on his tax bill for this amount, and if there be a remainder in the bounty, it is paid to him. If the amount of the taxes unpaid on the quarter section be in excess of the bounty, the applicant still gets his bounty. It is applied on his taxes, and he must pay the remainder of the taxes in cash. It is merely a matter of bookkeeping. It may at times result in a partial payment of taxes, but that is not new procedure, nor is deduction of taxes from any amount due from the county a new idea.

Chapter 245 of the Session Laws of 1939 bears this construction. The bounty is paid from the general fund of the county—not from state taxes or school taxes. The applicant had a debt due him from the county. Applicant's state taxes, school taxes, and county taxes are paid out of this debt by this method of credit, as far as the bounty will go. Hence, it would appear that the provisions of § 186 of the Constitution as amended are not involved.

Reference is made to chapter 15 of the Session Laws of 1941, amending chapter 245 of the Laws of 1939, as showing legislative construction of the legislative intent in 1939. If this chapter 15 of the Session Laws of 1941 be of any value in construing the legislative intent in 1939, it would appear to me that this intent is shown clearly to support the views hereinbefore set forth. Chapter 245 of the Laws of 1939 makes specific provision for the payment of the bounty "out of the general fund of the county," whereas chapter 15 of the Session Laws of 1941 eliminates this provision entirely, and makes no provision for paying this bounty, except as a credit on the taxes levied on the quarter section. Chapter 245 made no provision for apportioning "to the shares due the state and respective taxing districts for general fund levies," the proportionate share of the bounty. This provision is found in the Session Laws of 1941. Therefore, if the act of the legislature in 1941 is to have any weight in determining the meaning at-

tached to chapter 245 of the Session Laws of 1939, it would appear as if the legislature of 1941 concluded that there was no provision in the 1939 law for charging any portion of the bounty to the state or to the other taxing districts, and changed the theory of payment accordingly.