[File No. Cr. 245]

STATE OF NORTH DAKOTA, Respondent, v. LUDVIK KRO-
MAREK, Appellant.

(52 NW2d 713)

770

Opinion filed March 26, 1952. Certiorari denied by the Supreme Court of the U. S. June 2nd, 1952

*Ludvik Kromarek,* pro se.

*E. T. Christianson,* Attorney General, and *Elmer V. Morland,* State's Attorney, for respondent.

GRIMSON, J. The state brings a criminal action against the defendant, Ludvik Kromarek, for the violation of the provisions of the Motor Vehicle Registration Act. He was, on the 1st day of May 1951, charged with "operating an automobile without a 1951 license or registration of said vehicle." He appeared voluntarily in Justice Court on May 3, 1951. The justice informed him of his legal rights. Defendant entered a plea of not guilty. After a trial the court found him guilty as charged in the complaint and fined him $25.00 and taxed costs against him amounting to $4.70. He duly appealed to the District Court demanding a trial de novo. On July 16, 1951, he filed in District Court his written request waiving his right to a jury trial and requesting that his case be tried by the court at the July term of the District Court of Bowman County. On July 18, 1951, such trial was had. The defendant appeared without an attorney. It was stipulated between the state and the defendant that the defendant was the owner of a 1949 Chevrolet car; that he had operated it upon the streets and highways of the State of North Dakota since Jan. 1, 1951, without a valid 1951 registration. Thereupon the state rested.

The defendant then proceeded to plead his own case. He asked to present to the court three pieces of evidence "as just cause for operating an improperly licensed motor vehicle upon the highways." That was allowed. He presented his application for motor vehicle registration which had not been granted because no money accompanied the application. This he claimed, showed his acquiescence in the need of regulation of motor traffic and his willingness to abide by the motor vehicle registration law to that extent. But he contended that the compulsion in the payment of a fee for such registration "constitutes an infringement upon the constitutional rights of the individuals." He next presented his 1950 income tax return which showed that his net income from farming in 1950 was only half as large as the personal exemption allowed by the Federal law. This exemption he contended is allowed for his living, and he claimed that the state had no right to take any of it by taxation. He then presented three pages from the book entitled, Progress and Poverty, by Henry George. There he contends it is shown that by charging a tax on the product of his labor the state was denying his absolute right to the property produced by his labor in "direct violation of human rights in property." Finally he presented an original diagram entitled "The Greater Levitan in Body Politic," based on his five years of study of political economy. This, he explains, shows "that whenever a tax is levied against a material product of labor, the wealth of a nation, it not only fails to provide the finances to render the service for which it is levied, but it tends to reduce the value of money as a medium of exchange and retards the advancement of civilization itself." These exhibits constitute his defense. For the reasons there advanced he says he operated his automobile without paying the license.

While there is involved in the action at bar only the license fee for the registration of an automobile, defendant's objection is against all taxes on the product of labor. That, he says, is detrimental to the advancement of civilization.

In his brief the defendant states the issues as follows: "Is the law requiring license of motor vehicles by the State of North

Dakota, and the payment of a fee therefor unconstitutional in that it deprives the owner of a motor vehicle of the right to his property and use of the same without due process of law?"

The constitutions of both the United States and of our state provide for three branches of government, the legislative, executive and judicial. Each of these three branches has powers separate and distinct and, as far as practical, independent of each other.

"A fundamental principle of American Constitutional jurisprudence, accepted alike in the public law of the Federal Government and of the state, is that, so far as the requirement of efficient administration will permit, the exercise of the executive, legislative, and judicial powers are to be vested in separate and independent organs of government. The value of this principle or practice in protecting the governed from arbitrary and oppressive acts on the part of those in political authority, has never been questioned since the time of autocratic royal rule in England." 3 Willoughby on the Constitution of the United States, 2nd ed. Separation of Powers, Sec. 1058, p. 1616.

The legislative department deliberates upon and decides the policies and principles to be adopted for the future and enacts them into law. The executive department administers the law so enacted. The judicial department construes the law, passes on its constitutionality and determines, in accordance with the law, the rights and interests of the individual citizen when the occasion for that arises.

Alexander Hamilton in the Federalist, No. 48, said: "I agree that there is no liberty if the powers of judging be not separated from the legislative and executive powers."

As far as the contentions of the defendant relate to our political economy they cannot be considered nor interpreted by the court in the determination of a lawsuit. It is not for the courts to pass upon the Henry George or the Ludvik Kromarek economic theories. A decision on any matters of economic policy is for the legislative department and is not within the powers delegated to the judicial department.

Whether the requirement of a fee for a license to operate a motor vehicle on the streets and highways is taking property without due process of law is properly for the consideration of the court. That requires the determination of the constitutionality of the law and of its application to the facts involved.

This court in the case of State ex rel. Fargo v. Wetz, 40 ND 299, 168 NW 835, 5 ALR 731, has held that the license fee for the registration of motor vehicles is a tax in lieu of all other taxes upon motor vehicles.

Taxation is that inherent power in the government to raise funds with which to promote the general welfare and protection of its citizens. By taxation the sovereign apportions the cost of government among those who in some measure are privileged to enjoy its benefits and must bear its burdens. 51 Am Jur Taxation, Sec 2, p. 34, 61 CJ Taxation, Sec 2, p. 67; Cooley, The Law of Taxation 4th ed p 66. "The power to tax is a sovereign power inherent in the state." Cota v. McDermott, 73 ND 459, 465, 16 NW2d 54, 155 ALR 1271.

A tax is an enforced contribution for public purposes and is in no way dependent upon the will or express consent of the person taxed. 51 Am Jur Taxation, Sec 5, p 38; Westbrook v. Falls Church, 185 Va 577, 39 SE2d 277, 167 ALR 1027. Consent is presumed from the adoption of and allegiance to the constitution.

The taxing power is exclusively a legislative function. 61 CJ Taxation, Sec 10, p 81.

"The state government has inherent power to levy taxes. This means the proper department of the state. In the creation of three distinct departments of the government, and the apportionment of power between them, the authority to tax necessarily falls to the legislative. This is manifest from the slightest consideration of what taxation is. It is the making of rules and regulations under which the necessary revenues for all the needs of government are to be apportioned among the people and collected from them. Taxation is a legislative power; and when the people, by their constitutions, create a department of government upon which they confer the power

to make laws, the power of taxation is conferred as part of the more general power." Cooley, The Law of Taxation, 4th ed p 160.

Under the constitution of both the United States and of the State of North Dakota the power of taxation is vested in the legislative departments. Constitution of the United States, Sec. 8. The Constitution of North Dakota, Sec 174. Certain restrictions as to uniformity of the classification, exemptions, etc., are provided in Sec 176, North Dakota Constitution.

In accordance with the power thus given, our legislature passed the Motor Vehicle Registration Act. Chapter 39-04, NDRC 1943, which provides for the licensing and registration of motor vehicles and the payment of the license tax here assailed. The classification of automobiles as established in that act is not questioned by the defendant. His claim of inability to pay, without resorting to the exemptions granted him by the Federal income tax law, does not come within the exemptions provided by the Motor Vehicle Registration Act.

The original act, Chapter 156, SC 1917, was construed by this court in State ex rel. Fargo v. Wetz, supra. The court said:

"The amount required to be paid (for a license) entitles the owner to enjoy the right to use the highways and to hold his property free from other tax obligations. Doubtless, it would be competent for the legislature, in imposing a license tax, to take into consideration the uses commonly made of the property affected, together with the additional burdens which such uses place primarily upon the state. The duty of keeping the public roads in condition is a governmental one, which under our Constitution, the state is now authorized to discharge directly. Const Sec 185, Sess Laws 1915 p 403. Where a fee or tax may fairly be said to be no larger than is reasonably necessary to compensate for the extra burden incident to the common use of the highway by a given class of vehicles, it cannot be said to be so arbitrary as to be unwarranted. There being no provision in the Constitution directly restricting the power of the legislature to impose a license fee or tax, the charge imposed, having been measured according to a reasonable standard,

seems to meet every requirement of a valid license tax." See also 37 CJ Licenses, Sec 83 c p 231.

The same circumstances exist now and the same reasoning applies with regard to the Motor Vehicle Registration Act and the collection of the tax therein provided. The defendant derives benefits from the payment of that tax such as improved highways on which to take his crops to market. Those benefits go towards enabling him to increase the products of his labor. He is justly required by the law to bear his share of the cost of such benefits. The collection of the license tax does not deprive the defendant of his property without due process of law. The defendant's failure to pay the tax makes him subject to the penalties provided by the law.

The judgment of the District Court is affirmed.

MORRIS, C. J., and CHRISTIANSON, SATHRE and BURKE, JJ., concur.

All concur.